UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>ADAM KARIOTOGLOU,<br><br>Debtor. | Case No. 10-23206 |
| UNITED STATES TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM KARIOTOGLOU,<br><br>Defendant. | Adversary Proceeding No. __-_____<br><br>COMPLAINT TO DENY DISCHARGE |

The United States Trustee, Robert D. Miller Jr., for claims against Adam Kariotoglou ("the Defendant"), states as follows:

**JURISDICTION AND VENUE**

1. This is a complaint to deny the Defendant's discharge pursuant to 11 U.S.C. § 727(a).

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Venue is proper pursuant to 28 U.S.C. § 1409(a).

**PARTIES**

3. The Plaintiff is the United States Trustee for Region 18, which includes the Western District of Washington. The United States Trustee has standing to bring this action under 28 U.S.C. § 586(a) and 11 U.S.C. §§ 307 and 727(c).

4. The Defendant is the debtor in the above-referenced Chapter 7 bankruptcy case.

Office of the United States Trustee
United States Courthouse
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

## STATEMENT OF FACTS

Procedural History

5. On November 1, 2010 ("the Petition Date"), the Defendant filed the above-referenced petition under Chapter 7 of the Bankruptcy Code.

6. James Rigby was appointed to serve as the Chapter 7 Trustee ("the Chapter 7 Trustee").

7. On November 12, 2010, the Defendant filed his Schedules A-J and Statement of Financial Affairs ("the Personal Schedules and SOFA").

8. Also on the Petition Date, the Defendant caused Romio's Franchise Group, Inc. ("Romio's"), to file a petition under Chapter 11 of the Bankruptcy Code, which initiated Case No. 10-23208 in the Western District of Washington ("the Romio's Case").

9. On November 13, 2010, the Defendant caused Romio's to file its Schedules A-H and Statement of Financial Affairs ("the Romio's Schedules and SOFA").

10. On January 13, 2011, the United States Trustee filed a motion to appoint a Chapter 11 trustee in the Romio's Case.

11. On January 25, 2011, the Court ordered the appointment of a Chapter 11 trustee in the Romio's Case.

12. On January 27, 2011, the Court approved the United States Trustee's appointment of Alan J. Wenokur as the Chapter 11 trustee.

Transfer of Romio's Stock

13. Prior to February, 2010, the Defendant owned 100% of the stock in Romio's.

14. On February 15, 2010, the Defendant transferred the Romio's stock to George Kariotoglou ("the Romio's Stock Transfer").

15. George Kariotoglou is the Defendant's father.

16. George Kariotoglou purportedly paid $40,000 in consideration for the Romio's Stock Transfer.

//

Office of the United States Trustee
United States Courthouse
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

COMPLAINT TO DENY DISCHARGE - Page 2 of 6

17. The Defendant did not disclose the Romio's Stock Transfer in the Personal Schedules and SOFA.

Transfer of the Opportunity Group Interests

18. On March 8, 2010, the Defendant registered Romio's Restaurant Opportunity Group, LLC ("the Opportunity Group").

19. In connection with the Romio's Stock Transfer, the Defendant purportedly transferred all of the interests in the Opportunity Group to George Kariotoglou ("the Opportunity Group Transfer").

20. The Defendant did not disclose the Opportunity Group Transfer in the Personal Schedules and SOFA.

Diversion of Romio's Business to the Opportunity Group

21. On January 15, 2010, Gilman Properties, LLC, ("Gilman") obtained a judgment of $676,900 against Romio's and the Defendant.

22. On February 8, 2010, Gilman obtained a writ of execution in relation to the judgment.

23. In March, 2010, the Defendant caused all of Romio's business, including its accounts receivables and other property, to be transferred to the Opportunity Group ("the Business Diversion").

24. The Opportunity Group did not pay any consideration for the Business Diversion.

25. The Business Diversion was not disclosed on the Romio's Schedules or SOFA.

Post-Petition Transfer of Lease

26. Prior to December, 2010, Romio's held a leasehold interest in its business premises located at 4101 Airport Way South, Seattle, Washington ("the Lease").

27. On or before January 5, 2011, the Defendant caused Romio's to transfer the Lease to Sound Restaurant Concepts, LLC ("the Lease Transfer").

28. Romio's did not have authority from this Court to complete the Lease Transfer.

Concealment of Assets

29. The Defendant maintained Account No. xx-9573 at Wells Fargo Bank, N.A., on the Petition Date or within one year prior to the Petition Date ("the Wells Fargo Account").

**Office of the United States Trustee**
**United States Courthouse**
**700 Stewart St., Suite 5103**
**Seattle, WA 98101-1271**
**206-553-2000, 206-553-2566 (fax)**

COMPLAINT TO DENY DISCHARGE - Page 3 of 6

30. On his Schedule B, the Defendant does not disclose an interest in a bank account.

31. On the Personal SOFA, the Defendant states that he had not closed a financial account within one year immediately prior to the Petition Date.

32. On the Petition Date, the Defendant owned an interest in My Big Fat Greek Restaurant Franchise Group, LLC, a California limited liability company ("the Greek Restaurant").

33. The Defendant does not disclose his interest in the Greek Restaurant on his Schedule B.

34. On the Petition Date, the Defendant owned real property at 18409 Corazon Circle, Tarzana, California ("the California Residence").

35. The Defendant did not disclose his interest in the California Residence on the Personal Schedule A.

36. On the Petition Date, or within one year prior the Petition Date, the Defendant owned a membership in the Braemar Country Club in Tarzana, California ("the Country Club Membership").

37. The Defendant did not disclose the Country Club Membership on the Personal Schedule B.

38. The Defendant did not disclose a transfer of the Country Club Membership on the Personal SOFA.

## FIRST CLAIM FOR RELIEF

### Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2)

39. In violation of Section 727(a)(2), the Defendant, with intent to hinder, delay, or defraud his creditors or an officer of the estate, concealed property of the Defendant and of the estate, including but not limited to interests in:

    a. Wells Fargo Account;

    b. the Greek Restaurant;

    c. the California Residence; and

    d. the Country Club Membership.

//

**Office of the United States Trustee**
**United States Courthouse**
**700 Stewart St., Suite 5103**
**Seattle, WA 98101-1271**
**206-553-2000, 206-553-2566 (fax)**

COMPLAINT TO DENY DISCHARGE - Page 4 of 6

1     40.     In violation of Section 727(a)(2), the Defendant, with intent to hinder, delay, or defraud his creditors or an officer of the estate, transferred of Property of the Defendant within one year prior to the Petition Date or property of the estate after the Petition Date, including but not limited to:

    a.     the Romio's Stock Transfer; and

    b.     the Opportunity Group Transfer.

## SECOND CLAIM FOR RELIEF

### Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(4)

41.     In violation of Section 727(a)(4), the Defendant knowingly and fraudulently gave a false oath in this case by declaring that the Personal Schedules and SOFA were true and accurate when the Personal Schedules and SOFA failed to disclose:

    a.     the Romio's Stock Transfer;

    b.     the Opportunity Group Transfer;

    c.     the Wells Fargo Bank Account;

    d.     the Greek Restaurant;

    e.     the California Residence; and

    f.     the Country Club Membership.

## THIRD CLAIM FOR RELIEF

### Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(7)

42.     In violation of Section 727(a)(7), the Defendant committed an act specified in Section 727(a)(2) and Section 727(a)(4) in connection with the Romio's Case.

43.     In violation of Section 727(a)(2), the Defendant caused Romio's, with intent to hinder, delay, or defraud its creditors or an officer of the estate, to transfer of property of Romio's within one year prior to the Petition Date by engaging in the Business Diversion.

44.     In violation of Section 727(a)(2), the Defendant caused Romio's, with intent to hinder, delay, or defraud its creditors or an officer of the estate, to transfer of property of the estate after Petition Date by making the Lease Transfer.

Office of the United States Trustee
United States Courthouse
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

COMPLAINT TO DENY DISCHARGE - Page 5 of 6

45. In violation of Section 727(a)(4), the Defendant knowingly and fraudulently gave a false oath in the Romio's Case by declaring that the Romio's Schedules and SOFA were true and accurate when the Romio's Schedules and SOFA failed to disclose the Business Diversion.

WHEREFORE, the United States Trustee requests the following relief:

A. That the Court enter a judgment denying the Defendant's discharge; and

B. For such other and further relief as the Court deems just and equitable.

DATED March 14, 2011.

ROBERT D. MILLER JR.
United States Trustee

/s/ Thomas A. Buford III
Thomas A. Buford III, Missouri Bar #56460
Attorney for United States Trustee

**Office of the United States Trustee**
**United States Courthouse**
**700 Stewart St., Suite 5103**
**Seattle, WA 98101-1271**
**206-553-2000, 206-553-2566 (fax)**

COMPLAINT TO DENY DISCHARGE - Page 6 of 6